IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY KATHERINE GAYNIER, | § | |
| Individually, and on behalf of the | § | |
| Estate of Andrew Scott Decedent, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-2314-D-BK |
| | § | |
| ANTONIO HUDSON, a City of | § | |
| Dallas Police Officer, | § | |
| Defendant. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to District Judge Fitzwater's *Order of Reference*, Doc. 13, *Defendant's Motion to Dismiss for Failure to State a Claim*, Doc. 11, has been referred to the undersigned magistrate judge for a recommended disposition. For the reasons that follow, it is recommended that Defendant's Motion be **GRANTED**.

## I.  BACKGROUND AND PROCEDURAL HISTORY

This case arises from the August 2014 shooting death of Andrew Scott Gaynier ("Decedent") by City of Dallas Police Officer, Antonio Hudson ("Defendant"). Doc. 3 at 3. While the events precipitating the shooting are disputed, Plaintiff alleges that Defendant, while acting in the scope of his employment, confronted the unarmed Decedent, and – after a verbal exchange – shot Decedent six times, killing him, in violation of the Dallas Police Department's ("DPD") use of force policy. Doc. 3 at 3-4. In August 2016, Decedent's mother, Mary Katherine Gaynier ("Plaintiff"), brought this civil rights action under 42 U.S.C. §§ 1983 & 1985(3), in her individual capacity and as the administrator of Decedent's estate, against Defendant in his individual and official capacities. Doc. 3 at 1. Specifically, Plaintiff alleges

Defendant violated Decedent's Fourth, Eighth, and Fourteenth Amendment rights under the

United States Constitution; she also alleges a variety of state law tort claims.  Doc. 3 at 1-2.

In September 2016, Defendant moved to dismiss most of Plaintiff's claims under Federal

Rule of Civil Procedure 12(b)(6).  Doc. 5.  Plaintiff then filed an untimely, combined *First

Amended Complaint and Response to Plaintiff's Motion to Dismiss*.  Doc. 8.[1]  On the basis of

this amended filing, the District Judge denied Defendant's original motion to dismiss without

prejudice.  Doc. 12.  Defendant now reasserts his 12(b)(6) motion to dismiss for failure to state a

claim.  Doc. 11.  Plaintiff has responded, Doc. 18, and Defendant has filed a reply, Doc. 19.[2]

Thus, the motion is ripe for consideration.

## II. LEGAL STANDARD

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does

not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 570 (2007).  In making this determination, the court accepts "all well-

pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina

Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations

---

[1] Plaintiff's *First Amended Complaint and Response to Plaintiff's Motion to Dismiss*, Doc. 8, expressly "incorporates her original complaint" and amends only three paragraphs of her original complaint, while also responding to Defendant's first motion to dismiss.  The amended complaint does not totally supersede the original one, Doc. 3, thus, in accordance with the Court's duty to liberally construe *pro se* pleadings, the Court deems Plaintiff's first amended complaint a supplement to the original complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice").  The Court references Plaintiff's original and amended complaints collectively herein as the "Complaint."

[2] Plaintiff also filed a "response" to Plaintiff's reply brief.  *See* Doc. 20.  As no such motion exists, the Court construes this filing as a sur-reply.  However, a sur-reply may not be filed unless the Court has granted leave to do so.  *See* N.D. Tex. Local Rule 56.7.  Because Plaintiff did not seek or obtain leave to file her sur-reply, the Court will not consider it.

omitted).  On the other hand, the court cannot "accept as true conclusory allegations or

unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th

Cir. 2000) (internal citation and quotation marks omitted).  In sum, a plaintiff's factual

allegations "must be enough to raise a right to relief above the speculative level on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*,

550 U.S. at 555 (internal citations and footnote omitted).

### III. DISCUSSION

Defendant moves to dismiss Plaintiff's claims against Defendant arising under the Eighth

and Fourteenth Amendments, 42 U.S.C. § 1985(3), and Texas tort law; that allege a substantive

"violation" of 42 U.S.C. § 1983; and which are brought against Defendant in his official

capacity.  Doc. 11 at 15-28.  In sum, by the motion *sub judice*, Defendant seeks to dismiss all of

Plaintiff's claims except her claim against him in his individual capacity for the excessive use of

force in violation of the Fourth Amendment.  Doc. 11 at 23 n.4.

### A.  State Tort Claims

Plaintiff pleads a variety state law tort claims against Defendant, including: gross

negligence, intentional and negligent[3] infliction of emotional distress, and wrongful death.  Doc.

3 at 1-9.  Defendant moves to dismiss these claims on the basis of the Texas Tort Claims Act's

("TTCA") Election of Remedies provision, which states:

> If a suit is filed against an employee of a governmental unit based on conduct within
> the general scope of that employee's employment and if it could have been brought
> under this chapter against the governmental unit, the suit is considered to be against
> the employee in the employee's official capacity only.  On the employee's motion,
> the suit against the employee shall be dismissed unless the plaintiff files amended
> pleadings dismissing the employee and naming the governmental unit as defendant
> on or before the 30th day after the date the motion is filed.

---

[3] Plaintiff's negligent infliction of emotional distress claim should be dismissed, as no such tort
exists under Texas law.  *See Boyles v. Kerr*, 855 S.W.2d 593, 594 (Tex. 1993).

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f).  Because Defendant did so move, *see* Doc. 17

at 17-20, and Plaintiff has not filed an amended complaint naming the City of Dallas as the

defendant as to those tort claims within the allotted time, Defendant argues that Plaintiff's tort

claims against him in his individual capacity must be dismissed.  Doc. 11 at 24-28.  In response,

Plaintiff contends that the TTCA does not apply, but "withdraws from this action any claims

under state law that could have been brought under TTCA."  Doc. 18 at 15-16.  Defendant

interprets this statement as an explicit withdrawal of Plaintiff's tort claims.  Doc. 19 at 4-5.

The Supreme Court of Texas has held that a claim "could have been brought under" the

TTCA if it (1) "is in tort," and (2) is not brought "under another statute that independently

waives immunity," even if the particular tort is one for which immunity has not been waived.

*Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011).  Here, all of Plaintiff's state law claims

arise out of Defendant's alleged tortious conduct; furthermore, her claims are not brought under

another statute that independently waives government immunity.  *Id.*  Thus, each of Plaintiff's

tort claims could have been brought against the City under the TTCA, and by virtue of her

unequivocal withdrawal of said claims, *see* Doc. 18 at 16, they are voluntarily abandoned and

should be dismissed.  *Franka*, 332 S.W.3d at 381.

**B.  Federal Claims**

As an initial matter, Plaintiff clarified in response to the instant motion that she never

intended to assert a claim under the Eight Amendment of the Constitution, *see* Doc. 18 at 15,

thus, to the extent her Complaint can be read to allege such a claim, it should be dismissed with

prejudice.

*i. Fourteenth Amendment claim should be dismissed*

Plaintiff alleges that Defendant's use of deadly force violated Decedent's rights under the Fourth and Fourteenth Amendments. Doc. 3 at 5. However, Defendant argues that Plaintiff's excessive force claim arises under the Fourth Amendment, rather than the Fourteenth Amendment. Doc. 11 at 16-17. In response, Plaintiff concedes that the Fourth Amendment "provides the primary protection for citizens encountering police use of excessive or deadly force," but contends that her Fourteenth Amendment claim is supported under 18 U.S.C. § 242. Doc. 18 at 14. In reply, Defendant argues that 18 U.S.C. § 242 is a criminal statute that creates neither a "cognizable constitutional due process claim under the Fourteenth Amendment" nor a private right of action. Doc. 19 at 2-3. Defendant correctly states the law.

Neither party contests that Plaintiff's excessive force claim flows from the protections guaranteed by the Fourth Amendment:

> *all* claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach.

*Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis in original); *see also Tennessee v. Garner*, 471 U.S. 1, 7 (1985) ("[T]here can be no question that apprehension by the use of deadly force is a seizure subject to the reasonableness requirement of the Fourth Amendment."). Moreover, Plaintiff has no private cause of action under 18 U.S.C. § 242, which criminalizes the deprivation of civil rights under the color of law. *Pierre v. Guidry*, 75 F. App'x 300, 300 (5th Cir. 2003) (citing *Cort v. Ash*, 422 U.S. 66, 79 (1975)).

Thus, Plaintiff's Fourteenth Amendment claim against Defendant fails as a matter of law and should be dismissed with prejudice.

*ii. No viable section 1985(3) or equal protection claim alleged[4]*

Defendant argues that Plaintiff's claims under section 1985(3) fail because she has not alleged facts suggesting Defendant engaged in a conspiracy or was motivated by racial or class-based animus. Doc. 11 at 18-19. Additionally, Defendant argues that, to the extent Plaintiff's Complaint can be read to bring a claim under the Equal Protection Clause, Plaintiff fails to plead facts supporting a reasonable inference that Defendant treated Decedent differently than similarly-situated individuals as a result of some discriminatory animus. Doc. 11 at 19-20. Plaintiff wholly fails to address Defendant's arguments in her response. *See* Doc. 18. In his reply, Defendant argues that due to Plaintiff's failure to respond, Plaintiff's claims under section 1985(3) and the Equal Protection Clause should be deemed abandoned and dismissed for failure to state a claim. Doc. 19 at 3-4.

A party's failure to defend a claim in her response to a motion to dismiss constitutes abandonment. *See Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017) (finding plaintiff's failure to respond to defendant's argument in a motion to dismiss constituted abandonment) (citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)). Because Plaintiff wholly failed to respond to the challenge to her claims under section 1985(3) and the Equal Protection Clause by Defendant's motion to dismiss, pursuant to circuit precedent, they are deemed abandoned and should be dismissed. *Id.*

---

[4] Plaintiff does not specifically plead an Equal Protection Clause violation arising under the Fourteenth Amendment, yet Defendant addresses it in his motion out if an abundance of caution. Doc. 11 at 19-21.

6

*iii. Section 1983 does not give rise to a substantive cause of action*

The Complaint asserts a "violation of [Decedent's] civil rights pursuant to 42 U.S.C. § 1983." Doc. 3 at 1. Defendant rightly argues that any claim brought for a "violation" of section 1983 should be dismissed because the section does not provide substantive rights. Doc. 11 at 21. "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). In order to allege a valid claim under section 1983, Plaintiff must "identify the specific constitutional right allegedly infringed." *Id*. Thus, to the extent Plaintiff attempts to allege that Defendant violated section 1983 without doing so, her claim should be dismissed with prejudice.

*iv. Plaintiff has failed to plead facts that establish municipal liability*

Plaintiff sues Defendant in both his individual and official capacities. Defendant seeks dismissal of all claims against him in his official capacity, arguing that Plaintiff has failed to plead municipal liability. Doc. 11 at 21. The Court agrees that Plaintiff has failed to plead facts that plausibly suggest the existence of a city policy or custom that resulted in the unconstitutional use of force against Decedent.

Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent," consequently, Plaintiff's official capacity claim is construed as a claim against the City. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). However, it is well-settled that a municipality is not liable under section 1983 on the theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, to hold a municipality liable under section 1983, a plaintiff must identify "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and

(3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).  If a custom is identified, a plaintiff must allege a widespread practice that is "so permanent and well settled" that it constitutes a municipal policy.  *Monell*, 436 U.S. at 691.  This custom must be shown to have "sufficiently numerous prior incidents," as opposed to "isolated instances."  *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989).  Defendant argues that Plaintiff does not describe any constitutionally deficient policy or custom, and instead pleads facts negating municipal liability, specifically Defendant's alleged failure to abide by DPD's use of force policy.  Doc. 11 at 21-23.

Plaintiff alleges in her Complaint that "the lack of charges in hundreds of homicides by Dallas officers over four decades amounts to an unconstitutional City custom that has the force of City policy."  Doc. 8 at 9.  Basically, Plaintiff alleges that Defendant used excessive force on Decedent because he knew that he would not be investigated and that "he would never face justice in a court of law."  Doc. 8 at 9, 11.  However, Plaintiff has failed to identify "hundreds of homicides by Dallas officers" that resulted from the unconstitutional use of excessive force, as she alleges was the case here.  *See Hernandez v. Casey*, No. 16-CV-452-M-BH, 2017 WL 685679, at *8 (N.D. Tex. Jan. 12, 2017) (Ramirez, J.), *adopted by* 2017 WL 680309 (Lynn, J.) (noting in light of similar allegations that the plaintiff "appears to rely only on the fact that force was used and that . . . the shootings resulted in a fatality").  Additionally, while Plaintiff laments the fact that these incidents did not result in criminal charges, she does not allege that they, or the specific shootings in 1970, 1973, and 2014, were inadequately investigated.  Doc. 8 at 10-11.  Indeed, Plaintiff concedes in her Complaint that the officer involved in the 1970 and 1973

shootings "served 2.5 years of a 5-year sentence on a charge of murder with malice," directly

contradicting her allegation that officers are not investigated or charged.  Doc. 8 at 10-11.

In any event, allegations of four incidents in 44 years does not plausibly suggest a custom

of under-investigation employed by the City that is "persistent," "often repeated," or "constant."

*Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984); *see Hernandez*, 2017 WL

685679, at *8 (dismissing municipal liability claims under Rule 12(b)(6) where "five instances

[of police misconduct] . . . spread out over approximately 30 years" did not amount to a "pattern

of sufficiently numerous instances"); *see also McConney*, 863 F.2d at 1184 ("Isolated instances

[of misconduct] . . . are inadequate to prove knowledge and acquiescence by policymakers.").

Lastly, while Plaintiff's Complaint broadly mentions the City and the DPD, she does not identify

"the governing body of the municipality or . . . an official to whom that body has delegated

policy-making authority" who would have "actual or constructive knowledge" of the custom she

alleges.[5]  *Piotrowski*, 237 F.3d at 579 (citation omitted); *see Michael v. Kapipa*, No. H-07-

02912, 2008 WL 8084948, at *4 (S.D. Tex. June 27, 2008) (dismissing municipal liability claim

under Rule 12(b)(6) where plaintiff's vague reference to "'decision makers' inside the 'City of

Houston' and the 'City of Houston Police'" failed to identify a policymaker as required by

*Piotrowski*).

Thus, Plaintiff's well-pleaded facts, taken as true, do not "nudge[ her municipal liability]

claims across the line from conceivable to plausible;" accordingly, her claims against Defendant

in his official capacity should be dismissed.  *Twombly*, 550 U.S. at 570.

---

[5] The City of Dallas' policymaker is the Dallas City Council.  *Groden v. City of Dallas*, 826 F.3d 280, 286 (5th Cir. 2016).

**C. Leave to Amend**

Ordinarily, a plaintiff should be granted leave to amend her complaint prior to dismissal. *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (per curiam) ("A pro se litigant should be offered an opportunity to amend his complaint before it is dismissed."). However, the Court is not required to grant leave where to do so would be futile. *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations). Except as to her official capacity excessive force claim, all other deficient claims identified herein are fatally infirm, having been waived or voluntarily abandoned or failing as a matter of law. Thus, leave to amend those claims need not be granted.

However, as to Plaintiff's official capacity excessive force claim, there is no basis for the Court to conclude that Plaintiff cannot state a viable claim for municipal liability if granted the opportunity to do so. Although Plaintiff has previously amended her complaint, she is proceeding without the assistance of counsel and this is the Court's first review of the adequacy of her pleadings. It is not wholly implausible that Plaintiff can plead facts from which municipal liability can be inferred. *See Brown v. Texas A & M Univ.*, 804 F.2d 327, 334 (5th Cir. 1986) ("Unless we have searched every nook and cranny of the record, like a hungry beggar searching a pantry for the last morsel of food, and have determined that 'even the most sympathetic reading of plaintiff's pleadings uncovers no theory and no facts that would subject the present defendants to liability,' we must remand to permit plaintiff to amend his claim if he can do so."). Thus, it is recommended that she be granted leave to amend only that claim if so she chooses.

## IV. CONCLUSION

In light of the foregoing, *Defendant's Motion to Dismiss for Failure to State a Claim*,

Doc. 11, should be **GRANTED**.  All of Plaintiff's claims, with the exception of her claim

against Defendant in his individual and official capacities for the use of excessive force in

violation of the Fourth Amendment of the Constitution, should be **DISMISSED WITH**

**PREJUDICE**.  Plaintiff's claim against Defendant in his official capacity for the use of

excessive force in violation of the Fourth Amendment of the Constitution should be

**DISMISSED WITHOUT PREJUDICE**.  If, within 21 days of District Judge Fitzwater's Order

accepting this recommendation, Plaintiff fails to amend her complaint to cure the deficiencies in

Plaintiff's official capacity claim described herein, upon Defendant's re-urging, Plaintiff's

official capacity claim should be **DISMISSED WITH PREJUDICE**.

      **SO RECOMMENDED** on March 22, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

12