IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY KATHERINE GAYNIER, | § | |
| Individually, and on behalf of the | § | |
| Estate of Andrew Scott Gaynier, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-2314-D-BK |
| | § | |
| ANTONIO HUDSON, a City of Dallas | § | |
| Police Officer, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to District Judge Fitzwater's *Order of Reference*, Doc. 32, and 28 U.S.C. § 636(b)(1)(B) & (C), this cause is now before the Court for the submission of findings of fact and a recommendation for the disposition of *The Defendant Antonio Hudson's Rule 12(b)(6) Motion to Dismiss the Plaintiff's Official Capacity Claims Alleged Against Him in the Plaintiff's Third Amended Complaint*, Doc. 31. Upon review of the relevant pleadings and applicable law, and for the reasons advanced by Defendant, the Motion should be **GRANTED**.

**A. Background**

This civil action, filed by Plaintiff Mary Katherine Gaynier in August 2016, arises out of the shooting death of her son, Andrew Scott Gaynier ("Decedent"), by Defendant Antonio Hudson, a City of Dallas police officer. Doc. 3 at 3. Plaintiff alleged constitutional violations under the Fourth, Eighth, and Fourteenth Amendments, civil rights violations under 42 U.S.C. §§ 1983 & 1985(3), and a variety of state law tort claims. Doc. 3 at 1-2.

In October 2016, Defendant moved to dismiss all claims alleged in Plaintiff's *First Amended Complaint*, Doc. 8, except those asserted against him in his individual capacity for the excessive use of force in violation of the Fourth Amendment. Doc. 11 at 8-9. Upon the referral

of District Judge Fitzwater, the undersigned recommended that, with the aforementioned exception, Plaintiff's claim against Defendant in his official capacity for the excessive use of force in violation of the Fourth Amendment be dismissed without prejudice, while the remaining claims be dismissed with prejudice. *See Gaynier v. Hudson*, No. 16-CV-2314-D-BK, 2017 WL 2348809, at *6 (N.D. Tex. Mar. 22, 2017) (Toliver, J.). In May 2017, the recommendation was accepted and Plaintiff was granted leave to file an amended complaint to cure the deficiencies, if possible, in her official capacity excessive force claim. 2017 WL 2335619 (N.D. Tex. May 30, 2017) (Fitzwater, J.). Plaintiff subsequently filed her *Third Amended Complaint*, reasserting her claims against Defendant in his official and individual capacities for the excessive use of force in violation of the Fourth Amendment. Doc. 30.

By the instant 12(b)(6) motion, Defendant moves to dismiss Plaintiff's excessive force claim against him in his official capacity, arguing that Plaintiff yet again fails to plead any facts that permit the reasonable inference of municipal liability under section 1983 or to allege a racially-motivated conspiracy under section 1985(3). Doc. 31 at 6. When Plaintiff failed to timely respond to Defendant's motion, the Court extended the response deadline. Doc. 34. On the final day to respond, August 29, 2017, she instead filed *Plaintiff's Fourth Amended Complaint* without requesting or obtaining leave of court to do so. Doc. 39.

### B. Plaintiff's Fourth Amended Complaint Should Be Stricken

The Court's *Scheduling Order* established a deadline of April 28, 2017 for a party to file a motion for leave to amend pleadings. Doc. 16 at 2. Plaintiff was required to show "good cause" to warrant exception from that deadline. *See* FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"). However, Plaintiff failed to request leave or even address her obligation to show good cause. *See* Doc. 39. Accordingly,

*Plaintiff's Fourth Amended Complaint*, Doc. 39, should be stricken from the docket. *Paroski v. Ericsson Inc.*, No. 12-CV-210-N, 2012 WL 6021156, at *1 (N.D. Tex. Dec. 3, 2012) (Godbey, J.) (striking amended complaint that was filed without leave of court); *Staton Holdings, Inc. v. Russell Athletic, Inc.*, No. 09-CV-0419-D, 2010 WL 1062566, at *2 (N.D. Tex. Mar. 19, 2010) (Fitzwater, C.J.) (striking fourth amended complaint where plaintiff filed it without leave, after the deadline for seeking leave to amend pleadings expired and without addressing or satisfying Rule 16(b)(4)'s good cause standard). Assuming acceptance of this recommendation, the Court proceeds to the merits of Defendant's motion to dismiss Plaintiff's operative *Third Amended Complaint*.

### C. Rule 12(b)(6) Standard

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (internal quotation marks and citation omitted). When considering a motion to dismiss, the court accepts as true all well-pleaded facts and views those facts in a light most favorable to the plaintiff. *Id.* (citation omitted). However, the complaint should not simply contain conclusory allegations, but must be pleaded with a certain level of factual specificity, and the district court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (internal quotation marks and citation omitted).

**D. Analysis**

**1. Section 1983 Official Capacity Claim**

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (internal quotation marks and citation omitted). Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent," consequently, Plaintiff's claim against Defendant in his official capacity is construed as a claim against the City of Dallas. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (internal quotation marks and citation omitted). However, it is well-settled that a municipality is not liable under section 1983 on the theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, to hold a municipality liable under section 1983, a plaintiff must identify "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)); *see Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (same).

Plaintiff has once again failed to allege facts constituting municipal liability under section 1983. Specifically, Plaintiff fails to identify an unconstitutional City policy or custom with the force of official City policy, identify a policy maker,[1] or explain how the policy or custom was the moving force behind the alleged constitutional violation. *Pineda*, 291 F.3d at 328; *see*

---

[1] Courts have repeatedly held that the City of Dallas' policymaker is the Dallas City Council. *See, e.g.*, *Groden v. City of Dallas*, 826 F.3d 280, 286 (5th Cir. 2016).

4

*Andrews v. Gilbert*, No. 12-CV-773-A, 2013 WL 28389, at *3 (N.D. Tex. Jan. 2, 2013) (McBryde, J.) (dismissing plaintiff's municipal liability claim where he failed to allege that "an official policy or custom was a cause in fact of the deprivation of rights, [or] . . . identif[y] any responsible policymaking officials").

In fact, Plaintiff's allegations negate municipal liability. Rather than alleging that Defendant's *compliance with* City policy or custom was the "moving force" behind the alleged constitutional violations, *Pineda*, 291 F.3d at 328, Plaintiff alleges that the constitutional violations were caused by Defendant's *deviation from* City policy or custom. *See* Doc. 30 at 4 ("[Defendant] used deadly force in a manner that is unauthorized by Dallas Police Department policy . . . . [Defendant] recklessly and cruelly violated the deadly force policies of Dallas Police Department when he shot to death [Decedent]."), 5 ("[Defendant] recklessly and cruelly violated every aspect of the Dallas Police Department's policy of proportionate use of force . . . . There is no provision in the policy that would justify an officer [acting] as [Defendant] did when he shouted at and then shot to death [Decedent].").

Thus, Plaintiff's municipal liability claim arising under section 1983 should be dismissed.

**2. Failure to Train**

Plaintiff also alleges that Defendant "should have known the proper procedure and should have had proper training to react as reasonable police officers do under such circumstances." Doc. 30 at 10. To the extent that by this allegation, Plaintiff intends to plead a failure-to-train theory of section 1983 liability, she has also failed to state a viable claim.

"A municipality's failure to train its police officers can without question give rise to § 1983 liability." *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 170 (5th Cir. 2010) (internal quotation marks and citation omitted). However, "[a] municipality's culpability for a

deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). To maintain a section 1983 claim on a failure-to-train theory, Plaintiff must allege facts that enable the Court to draw the reasonable inference that (1) the municipality's training procedures were inadequate, (2) the municipality was deliberately indifferent in adopting the training policy, and (3) the inadequate training policy directly caused Decedent's death. *Id.* In satisfying the first element, Plaintiff must "allege with specificity how a particular training program is defective." *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005) (citation omitted).

In her operative complaint, Plaintiff fails to support her failure-to-train claim with any factual allegations beyond her conclusory assertion that Defendant "should have known the proper procedure and should have had proper training to react as reasonable police officers do under such circumstances." Doc. 30 at 10. Because Rule 8's pleading requirement is not satisfied by "'naked assertion[s]' devoid of 'further factual enhancement,'" Plaintiff's section 1983 claim premised on a failure to train is subject to dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

Moreover, even if the Court were to consider the additional allegations raised in Plaintiff's proposed *Fourth Amended Complaint*, this finding would not change. There, Plaintiff describes the allegedly inadequate training policy as the Dallas Police Department "recruiting ordinary citizens, putting them through a 6 to 9 month training academy and placing them on the streets of Dallas armed with deadly weapons." Doc. 39 at 14. Plaintiff does not state with specificity *how* the six to nine month program is inadequate or connect a specific inadequacy to the constitutional violation she alleges – the excessive use of force in violation of the Fourth

Amendment.[2] *Roberts*, 397 F.3d at 293; *see Speck v. Wiginton*, 606 F. App'x 733, 736 (5th Cir. 2015) (per curiam) (holding that dismissal of a failure-to-train claim is proper when a plaintiff provides "no factual allegations about the content of the excessive force training or how thorough or cursory it may have been"). Absent factual enhancement, Plaintiff's allegations amount to little more than a claim that the City generally failed to train its police force, which is legally inadequate. *See E.G. v. Bond*, No. 16-CV-068-C, 2017 WL 129019, at *4 (N.D. Tex. Jan. 13, 2017) (Cummings, J.) ("[S]imply alleging that the City generally failed to train . . . its [officers] is insufficient to plead a § 1983 claim that is plausible on its face.") (citation omitted).

### 3. Section 1985(3) Official-Capacity Claim

As relevant here, section 1985(3) prohibits persons from conspiring "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws[.]" 42 U.S.C. § 1985(3). To state a claim of conspiracy under section 1985(3), a plaintiff must allege that (1) a racial or class-based discriminatory animus motivated the conspiracy, and (2) the conspiracy aimed to violate rights protected against private infringement. *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 (5th Cir. 2001) (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993)).

Plaintiff's *Third Amended Complaint* is devoid of any discussion of her section 1985(3) claim; indeed, it is mentioned only in a single sentence asserting that this lawsuit is filed against Defendant for, *inter alia*, "violat[ing] . . . [Decedent's] civil rights pursuant to 42 U.S.C. § 1983

---

[2] *See, e.g.*, Doc. 39 at 16 ("[The City's] fail[ure] to provide adequate vetting and training of [Defendant], resulted in the loss of [Decedent's] life."), 17 ("Due to [Defendant's] lack of training, he mishandled the events leading up to his shooting of [Decedent] . . . [P]roper training would have guided [Defendant] to a non-deadly alternative.").

7

and 42 U.S.C. § 1985(3)."[3] Doc. 30 at 1-2. Such bare allegations are insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678; *see Kelly v. JPMorgan Chase Bank, N.A.*¸ No. 12-CV-3374-N, 2013 WL 874863, at *8 (N.D. Tex. Jan. 11, 2013) (Toliver, J.) (recommending dismissal of plaintiffs' section 1985(3) conspiracy claim where their complaint "wholly fail[ed] to factually support" such a claim), *adopted by* 2013 WL 874858 (N.D. Tex. Mar. 11, 2013) (Godbey, J.). Furthermore, Plaintiff's failure to allege any race-based animus is reason enough to dismiss her section 1985(3) claim. *See Horaist*, 255 F.3d at 271 (affirming dismissal of section 1985(3) claim where plaintiff failed to allege racial animus, noting that, "[i]n this circuit, we require an allegation of a race-based conspiracy to present a claim under § 1985(3)") (internal quotation marks and citation omitted). For these reasons, Plaintiff's section 1985(3) claim is subject to dismissal.

### E. Leave to Amend

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint prior to dismissal, unless it is clear that the plaintiff has pleaded her "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (per curiam). At this juncture, after multiple motions to dismiss filed by Defendant and the undersigned's previous recommendation of dismissal detailing the deficiencies of Plaintiff's pleadings, Plaintiff has had ample notice of the inadequacies that plague her official capacity claims. Still, for the reasons noted herein, the reiterations of those claims in *Plaintiff's Third Amended Complaint* are fatally infirm.

Even if the Court were to grant Plaintiff leave to file her *Fourth Amended Complaint*, as discussed above, the additional allegations contained therein cannot save her municipal liability

---

[3] Indeed, the undersigned previously recommended dismissal of Plaintiff's section 1985(3) because she had apparently abandoned it. Doc. 23 at 6.

8

claims. Thus, the Court concludes that Plaintiff has simply pleaded her best case, and any additional grant of leave to amend would be futile and cause needless delay. *See Stripling v. Jordan Prod. Co., L.L.C.*, 234 F.3d 863, 872-73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile.") (citations omitted).

### F. Conclusion

In light of the foregoing, *The Defendant Antonio Hudson's Rule 12(b)(6) Motion to Dismiss the Plaintiff's Official Capacity Claims Alleged Against Him in the Plaintiff's Third Amended Complaint*, Doc. 31, should be **GRANTED**, and Plaintiff's claims against Defendant in his official capacity arising under 42 U.S.C. §§ 1983 & 1985(3) should be **DISMISSED WITH PREJUDICE**, leaving pending only Plaintiff's claim against Defendant in his individual capacity for the excessive use of force in violation of the Fourth Amendment. In addition, *Plaintiff's Fourth Amended Complaint*, Doc. 39, should be stricken from the docket.

**SO RECOMMENDED** on November 16, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE